James E. Mercante  (JM 4231)
Yoon S. Han (YH 7602)
RUBIN FIORELLA & FRIEDMAN, LLP
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Attorneys for Defendant
ACE AMERICAN INSURANCE
COMPANY



**JUDGE PATTERSON**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 2761**

Civil No.

MARK DeGEORGE

                Plaintiff,

-against-

ACE AMERICAN INSURANCE COMPANY,

                Defendant.

<u>**NOTICE OF REMOVAL**</u>

RECEIVED
APR 05 2007
U.S.D.C. S.D. N.Y.
CASHIERS

    **PLEASE TAKE NOTICE** on this date, defendant ACE AMERICAN INSURANCE COMPANY (hereinafter "ACE") by its undersigned counsel, RUBIN, FIORELLA & FRIEDMAN LLP, has filed this Notice of Removal pursuant to 28 U.S.C. 1441 and 28 U.S.C. 1446 in the office of the Clerk of the United States District Court for the Southern District of New York. Said defendant by his undersigned attorneys show:

    1.     Plaintiff, MARK DeGEORGE, commenced this action against defendant in the Supreme Court of New York, New York County, by filing a Verified Complaint. A true copy of plaintiff's Complaint is annexed hereto as **Exhibit "A"**.

    2.     The Summons and Complaint was received by defendant, ACE, on or about March

8, 2007.

3. Plaintiff alleges in his complaint that at all times his principal place of residence was in the County of New York, State of New York.

4. Defendant ACE is, at all relevant times, and was a corporation incorporated in the state of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

5. The allegations contained in plaintiff's Verified Complaint pertain to an alleged claim for breach of a policy of maritime insurance.

6. The jurisdiction over the subject matter of this action is conferred upon this Court by 28 U.S.C. §1332, Diversity of Citizenship, in that plaintiff is a citizen of the State of New York, and ACE is a citizen of the State of Pennsylvania and plaintiff's demand exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7. Jurisdiction over the subject matter of this action is also conferred upon this Court by 28 U.S.C. §1333, which provides that the District Courts shall have original jurisdiction of any civil case of admiralty or maritime jurisdiction. Plaintiff's allegations comprise a maritime claim within the admiralty jurisdiction of this Court.

8. Notice of Removal is filed with this Court within thirty days of ACE's receipt, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon such action or proceeding as provided by 28 U.S.C. 1446(b).

9. ACE hereby removes this action to the United States District Court for the Southern District of New York.

10. After filing of the Notice of Removal in the United States District Court for the Southern District of New York, written notice of the filing of this Notice of Removal will be given

by the attorneys for ACE to the attorneys for plaintiff, as provided by law, and a copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York.

11. ACE has good and sufficient defenses to this action.

12. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** defendant ACE AMERICAN COMPANY, by its attorneys, gives Notice of Removal of this case to the United States District Court for the Southern District of New York.

Dated: New York, New York
April 4, 2007

                        RUBIN, FIORELLA & FRIEDMAN LLP
                        Attorneys for Defendant
                        ACE AMERICAN INSURANCE COMPANY

                By: _____
                     James E. Mercante (JM 4231)
                     Yoon S. Han (YH 7602)
                     292 Madison Avenue
                     New York, New York 10017
                     (212) 953-2381

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------x
MARK DeGEORGE,

                Plaintiff,              **VERIFIED COMPLAINT**

  -against-                             Index #

ACE AMERICAN INSURANCE COMPANY,

                Defendant.             Filed:
------------------------------------------x

       *Plaintiff(s), complaining of the defendant(s), by plaintiff's attorneys,* **STOCK & CARR ESQS.**, *respectfully set(s) forth and allege(s) as follows:*

### AS AND FOR A FIRST CAUSE OF ACTION

    1.    That at all times hereinafter mentioned, plaintiff's residence was in the County of New York, State of New York.

    2.    Upon information and belief and at all times hereinafter mentioned, defendant, ACE AMERICAN INSURANCE COMPANY, was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    3.    Upon information and belief and at all times hereinafter mentioned, defendant, ACE AMERICAN INSURANCE COMPANY, was and is a foreign corporation duly authorized to do business in the State of New York.

    4.    That at all times hereinafter mentioned, defendant, ACE AMERICAN INSURANCE COMPANY, was engaged in, among other things, the business of issuing policies of liability insurance to others.

    5.    That at all times hereinafter mentioned, defendant, ACE AMERICAN INSURANCE COMPANY, was duly licensed by the State of New York to issue policies of liability insurance to residents of the State of New York.

    6.    That prior to July 4, 2005, defendant, ACE AMERICAN INSURANCE COMPANY, issued a liability insurance policy to the plaintiff.

    7.    That said liability insurance policy was assigned policy number Y08066358.

8. That said liability insurance policy had a policy period which encompassed July 4, 2005.

9. That said liability insurance policy provided liability coverage to the plaintiff herein.

10. That said liability insurance policy provided said coverage for the boat owned by plaintiff.

11. That said liability insurance policy provided liability coverage to the plaintiff herein for accidents arising out of the use or operation of his boat.

12. That said insurance policy provided coverage for those sums that the "insured" became legally obligated to pay as damages because of "bodily injury".

13. That the coverage provided under said liability insurance policy provided for a defense of any claims or lawsuit brought against the "insured" seeking damages for "bodily injury".

14. That the coverage provided under the said liability insurance policy provided that the defendant would pay on behalf of the "insured" all sums which the "insured" would become obligated to pay within the policy limits by reason of liability imposed upon the "insured" for damages sustained by any person injured by accident in the conduct of the plaintiff's boat.

15. That the plaintiff was an "insured" under said policy.

16. That plaintiff has paid all the premiums due according to the terms of the policy after its issuance.

17. That plaintiff has otherwise duly performed all the terms and conditions on his part to be performed according to the terms of the policy after its issuance.

18. That the said liability insurance policy was in full force and effect on July 4, 2005.

19. That on or about July 27, 2006, a Summons and Verified Complaint were filed with the New York County Clerk commencing an action on behalf of RENEE HOLSTEIN, Plaintiff, against MARK DeGEORGE.

20. That said Summons and Verified Complaint allege that RENEE HOLSTEIN sustained "bodily injuries" on July 4, 2005 while on the plaintiff's boat.

21. That said incident would be an "occurrence" as defined

under the said insurance policy entitled to coverage under said policy.

    22. That, despite timely notification of the said claim and lawsuit, the defendant has failed and refused to honor its obligation to the plaintiff under the terms of the policy.

    23. That the defendant has failed to provide a defense and indemnification under the aforesaid policy to the plaintiff for the said occurrence and damages.

    24. That the defendant has an obligation to defend and indemnify the plaintiff for any lawsuit, action, settlement, verdict, judgment or award that may be brought or obtained against the plaintiff as the result of the said occurrence and for all claims and alleged causes of action being asserted in the aforementioned action.

    25. Plaintiff seeks a declaration that the defendant is obligated to defend and indemnify the plaintiff for all claims, damages and alleged causes of action being asserted by RENEE HOLSTEIN arising out of the occurrence of July 4, 2005.

### AS AND FOR A SECOND CAUSE OF ACTION

    26. That the coverage provided under said liability insurance policy provided for a defense of any claims or lawsuit brought against the "insured" seeking damages for "bodily injury".

    27. That in breach of said insurance policy, defendant has refused to defend the plaintiff in the aforementioned action.

    28. That by reason of defendant's refusal to defend the plaintiff in said action, the plaintiff was obligated to retain attorneys and to incur, and continue to incur, legal fees and expenses in the defense of the action against him.

    29. As such, plaintiff has been damaged in the sum of one hundred thousand dollars ($100,000.00).

WHEREFORE, plaintiff demands judgment against the defendant, on the FIRST CAUSE OF ACTION, declaring that the defendant is obligated to defend and indemnify the plaintiff in the action presently pending in the Supreme Court of the State of New York, County of New York commenced by RENEE HOLSTEIN for bodily injury arising out of the occurrence alleged to have occurred on July 4, 2005 and, on the SECOND CAUSE OF ACTION, for damages in the sum of $100,000.00, together with the interest, costs and disbursements of this action.

DATED:   Mineola, New York
         October 5, 2006

                                    STOCK & CARR, ESQS.
                                    Attorney(s) for Plaintiff
                                    88 Second Street
                                    Mineola, New York 11501
                                    (516) 747-2478

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARK DeGEORGE,

                                                       Plaintiff(s),

- against -

ACE AMERICAN INSURANCE COMPANY,

                                                       Defendant(s).

## SUMMONS AND VERIFIED COMPLAINT

**STOCK & CARR, ESQS.**

*Attorneys for Plaintiff(s)*

88 Second Street
Mineola, New York 11501
(516) 747-2478
FAX (516) 747-2574

PLEASE TAKE NOTICE

_____ that the within is a true copy of an
entered in the office of the clerk of the within named Court on

_____ that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the Judges of the within named Court on

**STOCK & CARR, ESQS.**
*Attorneys for Plaintiff(s)*
88 Second Street
Mineola, New York 11501

### Section 130-1.1 Statement

By signing of the within document, the above attorney certifies that, to the best of the said attorney's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this document or the contentions therein are not frivolous as defined in subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator (22NYCRR).