James E. Mercante (JM 4231)
Yoon S. Han (YH 7602)
RUBIN FIORELLA & FRIEDMAN, LLP
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Attorneys for Defendant
ACE AMERICAN INSURANCE
COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                Civil No. 07 cv 2761 (RPP)

MARK DeGEORGE

                Plaintiff,                **ANSWER**

-against-

ACE AMERICAN INSURANCE COMPANY,

                Defendant.

---

Defendant, ACE AMERICAN INSURANCE COMPANY, ("ACE") by their attorneys, RUBIN, FIORELLA & FRIEDMAN, LLP, as and for their Answer to the Complaint of the plaintiff, respectfully set forth:

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1"of the Verified Complaint.

2. Denies the allegations in paragraph "2" of the Verified Complaint.

3. Admits the allegations in paragraph "3" of the Verified Complaint.

4. Admits that ACE was engaged in issuing policies of insurance, but denies the remaining allegations in paragraph "4" of the Verified Complaint.

5. Admits that ACE was licensed to issue policies of insurance in New York, but denies the remaining allegations.

6. Admits that ACE issued a policy of insurance to the plaintiff and refers this Honorable Court to the policy for the terms, conditions, warranties, and exclusions.

7. Admits the allegations in paragraph 7 of the Verified Complaint.

8. Admits that the policy period was from June 23, 2005 to June 23, 2006 subject to its terms, conditions, warranties, and exclusions.

9. Admits that the policy provided coverage pursuant to its terms, conditions, warranties, and exclusions, but denies the remaining allegations in paragraph 9 of the Verified Complaint.

10. Admits that the policy provided coverage pursuant to its terms, conditions, warranties, and exclusions, but denies the remaining allegations in paragraph 10 of the Verified Complaint.

11. Admits that the policy provided coverage pursuant to its terms, conditions, warranties, and exclusions, but denies the remaining allegations in paragraph 11 of the Verified Complaint.

12. Admits that the policy provided coverage pursuant to its terms, conditions, warranties, and exclusions, but denies the remaining allegations in paragraph 12 of the Verified Complaint.

13. Admits that the policy provided coverage pursuant to its terms, conditions, warranties, and exclusions, but denies the remaining allegations in paragraph 13 of the Verified Complaint.

14. Admits that the policy provided coverage pursuant to its terms, conditions, warranties, and exclusions, but denies the remaining allegations in paragraph 14 of the Verified Complaint.

15. Admits the allegation in paragraph "15" of the Verified Complaint.

16. Admits the allegation in paragraph "16" of the Verified Complaint.

17. Denies the allegations in paragraph "17" of the Verified Complaint.

18.    Admits that the policy period was from June 23, 2005 to June 23, 2006 subject to its terms conditions, warranties, and exclusions.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Verified Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Verified Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Verified Complaint.

22.    Denies the allegations in paragraph "22" of the Verified Complaint.

23.    Admits ACE American has denied coverage pursuant to the policy's terms, conditions, warranties and exclusions and denies the remaining allegations in paragraph "23" of the Verified Complaint.

24.    Denies the allegations in paragraph "24" of the Verified Complaint.

25.    The allegations in paragraph "25" of the Verified Complaint are allegations to which no response is required, however, to the extent a response is required, ACE denies the allegations in paragraph "25" of the Verified Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

26.    Admits that the policy provided coverage pursuant to its terms, conditions, warranties, and exclusions, but denies the remaining allegations in paragraph "26" of the Verified Complaint.

27.    Denies the allegations in paragraph "27" of the Verified Complaint.

28.    Denies the allegations contained in paragraph "28" of the Verified Complaint.

29.    Denies the allegations contained in paragraph "29" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30. The plaintiff fails to state a cause of action against ACE or a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31. The insurance contract at issue is plain and unambiguous and its full terms, conditions, warranties and exclusions govern the relationship between the parties, together with admiralty and insurance law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. No coverage is provided for the loss or damage alleged in the Verified Complaint by virtue of plaintiff's breaches of the terms, conditions, exclusions, warranties and limitations contained in the policy.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33. All claims against ACE are barred to the extent that the plaintiff failed to mitigate, minimize or avoid any damage allegedly sustained.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34. All claims are barred, in whole or in part, to the extent that the plaintiff concealed or misrepresented facts which were material to the risks and investigation undertaken by the insurer.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, unclean hands and waiver.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36. The policy provides that the insurer will provide the insurance coverage described in

the policy only in return for the premium and compliance by any insured with all terms and conditions of the policy.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

37.     The policy or contract of insurance sued upon issued by ACE contains the following provision:

> AGREEMENT AND DEFITIONS
>
> AGREEMENT
>
> This is a legal contract between you and us. We will provide the insurance coverage described in this policy in return for the premium and the compliance by all covered persons with all applicable provisions of this policy.

38.     The aforementioned agreement was breached and there is no coverage under the policy.

### AS AND FOR A NINETH AFFIRMATIVE DEFENSE

39.     The policy or contract of insurance sued upon issued by ACE contains the following provision:

> NOTICE OF LOSS: You must report in writing to us, or our authorized agent, as soon as possible after the occurrence of any accident, loss, damage or expense that may be covered under this policy. This notice should state when, where and how the event occurred, and should include the names and addresses of any witnesses. You are also required to notify the police and file a police report as soon as you are aware that your property has been stolen or vandalized. If you do not provide the notice to us as required by this section as soon as possible, any claim for such loss under this policy will be voided.

40.     The aforementioned provision was breached and there is no coverage under the policy.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

41. All claims are barred to the extent that the plaintiff failed to cooperate with the investigation undertaken by the insurer.

**WHEREFORE**, defendant ACE AMERICAN INSURANCE COMPANY, prays for judgement in its favor, dismissing the Verified Complaint, with prejudice, and a determination that no coverage exists for the alleged loss under the policy issued by ACE AMERICAN INSURANCE COMPANY, together with costs and attorneys' fees and such other and further relief as to this Court may seem just and reasonable.

Dated:     New York, New York
           April 11, 2007

RUBIN, FIORELLA & FRIEDMAN, LLP

By: _____
James E. Mercante (JM 4231)
Yoon S. Han (YH 7602)
*Attorneys for Defendant*
ACE AMERICAN INSURANCE COMPANY
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381

TO:   STOCK & CARR, ESQS.
      *Attorneys for the Plaintiff*
      88 Second Street
      Mineola, New York 11501
      (516) 747-2478