James E. Mercante (JM 4231)
Yoon S. Han (YH 7602)
RUBIN FIORELLA & FRIEDMAN, LLP
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Attorneys for Defendant
ACE AMERICAN INSURANCE
COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Civil No. 07 cv 2761 (RPP)

MARK DeGEORGE

                    Plaintiff,          **LOCAL RULE 56.1**
-against-                                 **STATEMENT**

ACE AMERICAN INSURANCE COMPANY,

                    Defendant.

---

      Defendant, ACE AMERICAN INSURANCE COMPANY ("ACE") by its attorneys, RUBIN, FIORELLA & FRIEDMAN, LLP, as and for its Local Rule 56.1 Statement respectfully sets forth:

1. Plaintiff Mark DeGeorge was the owner of a 1982 36' Sea Ray Express. (Exhibit 2; Yachtsman Policy).

2. Defendant ACE American Insurance Company issued a Yachtsman Policy to DeGeorge effective June 23, 2005, to June 23, 2006. (Exhibit 2; Yachtsman Policy).

3. The Policy contains the following provision under <u>GENERAL PROVISIONS IN THE EVENT OF LOSS</u>.

    NOTICE OF LOSS: You must report in writing to us, or our authorized agent, as soon as possible after the occurrence of any accident, loss, damage or expense that may be covered under this policy. This notice should state when, where and how the event occurred, and should include the names and addresses of any witnesses.

(Exhibit 2; Yachtsman Policy page 9 of 12).

4. On July 4, 2005, Renee Holstein was aboard DeGeorge's boat as his guest. (Exhibit 1; Transcript of Mark Degeorge's Examination Under Oath ("EUO") at 18)

5. On July 4, 2005, Holstein claimed she was injured while diving into water at the back of DeGeorge's boat. (Exhibit 1; EUO at 33).

6. On July 4, 2005, DeGeorge learned that Holstein claimed she was bleeding internally. (Exhibit 1; EUO at 29).

7. On July 4, 2005, DeGeorge drove Holstein to the emergency room of Huntington hospital. (Exhibit 1; EUO at 29, 31).

8. Holstein was admitted to Huntington hospital for six days. (Exhibit 1; EUO at 37, 40).

9. Subsequent to the incident, DeGeorge called his broker to report the accident, to ask what to do in case of a claim, and to confirm that his insurance policy was in effect. (Exhibit 1; EUO at 48).

10. DeGeorge did not notify his insurance company, ACE, of the July 4, 2005 incident for approximately seven months until February 1, 2006. (Exhibit 1; EUO at 51-52, 62).

11. Pursuant to terms, conditions, and warranties of the policy, ACE denied coverage for the July 4, 2005 incident by letter dated May 24, 2006. (Exhibit 3; Declination of Coverage letter dated May 24, 2006).

Dated: New York, New York
October 1, 2007

By: _____
James E. Mercante (JM 4231)
RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Defendant
ACE AMERICAN INSURANCE COMPANY
292 Madison Avenue, 11th Floor
New York, New York 10017
212-953-2381

TO:  Attn: Thomas Stock, Esq.
STOCK & CARR, ESQS.
*Attorneys for the Plaintiff*
88 Second Street
Mineola, New York 11501
(516) 747-2478