UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK DeGEORGE                    **Civil No. 07 cv 2761 (RPP)**

                Plaintiff,

    -against-

ACE AMERICAN INSURANCE COMPANY,

                 Defendant.

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ACE AMERICAN INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Of Counsel:

James E. Mercante (JM 4231)
Yoon S. Han (YH 7602)

**RUBIN, FIORELLA & FRIEDMAN LLP**
292 Madison Avenue, 11th Floor
New York, NY 10017
212-953-2381
Attorneys for Defendant
Ace American Insurance Company

## PRELIMINARY STATEMENT

Plaintiff Mark DeGeorge waited approximately seven months before he notified his marine insurer, ACE American Insurance Company ("ACE"), of a personal injury to a guest aboard his vessel.

DeGeorge knew that the guest, Renee Holstein, had received a potentially serious injury and was aware that a claim could arise from it. The injured guest was bleeding internally as a result of the accident, and he drove Holstein to the emergency room. Sensing that he was obligated to notify his marine insurer, DeGeorge called his broker to report the accident and confirm that his marine insurance policy was in effect. Yet, despite this, DeGeorge failed to report the accident to ACE for seven months.

The case is ripe for resolution by summary judgment because the facts are not in dispute and the governing terms of the insurance contract are clear. DeGeorge did not report the accident "as soon as possible" and as required by the terms of the policy, the claim was appropriately declined.

## SUMMARY OF FACTS

### The Injury

The relevant facts are set forth in ACE's Local Rule 56.1 Statement and summarized herein. On July 4, 2005, Renee Holstein, while a guest aboard DeGeorge's boat, injured herself when she dove into the Long Island Sound from the back of DeGeorge's 36 foot Sea Ray Express vessel. (Exhibit 1; Transcript of Mark DeGeorge's Examination Under Oath ("EUO") at 18, 33). The injury was serious enough that Holstein "filled" the toilet aboard the boat with blood. (Exhibit 1; EUO at 29). This spurred DeGeorge to take Holstein to the emergency room at Huntington hospital where

1

she was admitted for approximately six days. (Exhibit 1; EUO at 31, 37)

DeGeorge contacted his insurance broker, Whitmore Group, within one and a half weeks to notify them of the accident, to find out what he should do in case of a claim, and to confirm that his insurance policy was in effect. (Exhibit 1; EUO at 48). However, he did not notify ACE for seven months, until February 1, 2006, at which time he confirmed the accident to ACE over the phone. (Exhibit 1; EUO at 51- 52, 62).

**The Policy**

The marine insurance policy issued by ACE effective from June 23, 2005 to June 23, 2006 included the following relevant provisions:

**AGREEMENT AND DEFINITIONS**

**AGREEMENT**
This is a legal contract between you and us. We will provide the insurance coverage described in this policy in return for the premium and the compliance by all covered persons with all applicable provisions of this policy.

\*   \*   \*

**GENERAL PROVISIONS IN THE EVENT OF LOSS**

\*   \*   \*

**NOTICE OF LOSS:** You must report in writing to us, or our authorized agent, as soon as possible after the occurrence of any accident, loss, damage or expense that may be covered under this policy. This notice should state when, where and how the event occurred, and should include the names and addresses of any witnesses.

\*   \*   \*

If you do not provide the notice to us as required by this section as soon as possible, any claim for such loss under this policy will be

voided.

(Exhibit 2; Yachtsman Policy page 9 of 12)

In light of the foregoing undisputed facts and policy terms, ACE denied coverage for DeGeorge's claim by letter dated May 24, 2006. (Exhibit 3; Declination of Coverage letter dated May 24, 2006).

## SUMMARY JUDGMENT STANDARD

A breach of a condition precedent to coverage under an insurance policy can be adjudicated on summary judgment. *Stradford v. Zurich Ins. Co.*, 2002 W.L. 31819215 at 4 (S.D.N.Y. 2002) (granting summary judgment relieving insurer of liability under policy due to insured's breach of the policy's "cooperation clause"); *Maurice v. Allstate Ins. Co.*, 173 A.D.2d 793, 570 N.Y.S.2d 654 (2d Dept. 1991); *Dyno-Bite Inc. v. Travelers Companies*, 80 A.D.2d 471, 474, 439 N.Y.S.2d 558, 660-61 (4th Dept. 1981). Giving notice of a loss as required in an insurance policy is a condition precedent to coverage. *Security Mut. Ins. Co. of N.Y. v. Acker-Fitzsimons Corp.*, 31 N.Y.2d 436, 440, 293 N.E.2d 76 (1972).

## POINT I

### TIMELY NOTICE OF LOSS IS A
### CONDITION PRECEDENT TO COVERAGE

#### A.    Applicable Law

The policy at issue is a contract of marine insurance that falls within the admiralty jurisdiction of this Court. *Folksamerica Reins. Co. v. Clean Water of N.Y., Inc*., 413 F.3d 307 (2d Cir. 2005) (holding that since "the primary objective of the Policy is to establish marine insurance, the district court had [maritime] jurisdiction"); *Advani Enters., Inc. v. Underwriters at Lloyds*, 962

3

F. Supp. 415 (S.D.N.Y. 1997), *vacated on other grounds*, 140 F.3d 157 (2d Cir. 1998); *Hartford Fire Ins. Co. v. Mitlof*, 208 F. Supp.2d 407 (S.D.N.Y. 2002).

Whether federal admiralty law or New York state law governs in a marine insurance policy dispute depends on whether there is a specific and controlling federal rule – and, if not, whether one should be fashioned.  The interpretation of a contract of marine insurance is, "in the absence of a federal statute, a specific and controlling judicially fashioned admiralty rule, or a need for uniformity in admiralty practice, to be determined by reference to the appropriate state law." *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 313-14 (1955).  Because there is no entrenched federal maritime rule concerning late notice of a loss, New York law will apply.

New York law has long recognized that giving notice of a loss as required in an insurance policy is a condition precedent to the insurer's liability. *Security Mut. Ins.*, 31 N.Y.2d at 440.  Absent a valid excuse, failure to satisfy the notice requirement vitiates coverage.  Importantly, because it is considered a condition of coverage, New York does ***not*** require that the insurer show prejudice before it can assert the defense of noncompliance.  *Id.* at 440; *Great Canal Realty, Corp. v. Seneca Ins. Co., Inc.*, 5 N.Y.3d 742, 743, 833 N.E.2d 1196 (2005); *Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y.3d 332, 336-37, 827 N.E.2d 762 (2005); *Silverman Sclar Byrne Shin & Byrne v. Chicago Ins. Co.*, 2005 WL 2367709 at 5 (E.D.N.Y. 2005); *Axa Marine and Aviation Ins. (UK) Ltd. v. Seajet Industries, Inc.*, 84 F.3d 622, 626 (2d Cir. 1996).

An insurance provision that requires a notice be given "as soon as possible" after an accident requires that notice be given within a "reasonable time under all the circumstances." *Myers v. Cigna Property and Cas. Ins. Co.*, 953 F.Supp.551, 556 (S.D.N.Y. 1997).  Both state and federal courts in New York have strictly adhered to a prompt notice provision similar to the one at issue.

*Myers,* 953 F.Supp at 556 (delay of two months was unreasonable under the prompt notice provision requiring notice "as soon as possible") ; *Power Authority v. Westinghouse Electric* Corp., 117 A.D.2d 336, 502 N.Y.S.2d 420, 422 (1 st Dep't 1986) (finding unjustified delay of fifty-three days to violate prompt notification provision); *Pandora Indus., Inc. v. St. Paul Surplus Lines Ins. Co.*, 188 A.D.2d 277, 590 N.Y.S.2d 471, 471 (1992) (finding thirty-one days in violation of prompt notification provision); *Republic New York Corp. v. American Home*, 125 A.D.2d 247, 509 N.Y.S.2d 339 (1st Dep't 1986) (forty five days); *Safer v. Gov't Employees Ins. Co.*, 678 N.Y.S.2d 667, 668 (2d Dep't 1998) (more than one month); *Varrichio v. Chicago Ins. Co.*, 2001 WL 1524475 (S.D.N.Y.) (two months delay).

Accordingly, under New York law, DeGeorge's seven months delay in reporting a personal injury accident, without a valid excuse, constitutes a breach of condition precedent to coverage as a matter of law.

**B.    DeGeorge's Obligation to Give Notice was Triggered**

The obligation to give notice is triggered when "from the information available relative to the accident, an insured could glean a reasonable possibility of policy's involvement." *C.C.R. Realty of Dutchess v. New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304, 766 N.Y.S.2d 856, 857 (2d Dep't 2003) (citing *Paramount Ins. Co. v. Rosedale Gardens*, 293 AD2d 235, 743 N.Y.S.2d 59 (1st Dep't 2002)). Here, DeGeorge had actual knowledge of a potentially serious injury to his guest, resulting in hospitalization the very same day. Plaintiff knew that Holstein "filled up the toilet with blood" when she tried to urinate. (Exhibit 1; EUO at 29). And, Holstein was immediately hospitalized for six days.

Moreover, DeGeorge clearly knew that there was a reasonable possibility of his policy's involvement, because within a week and a half of the accident he contacted his broker to make sure that his insurance was in effect. (Exhibit 1; EUO at 48). On the other hand, notice to his broker did not constitute the notice required by the policy. *Security Mutual Ins.*, 31 N.Y.2d at 442 n.3 (notice to a broker did not constitute notice contemplated by the policy since a broker is normally the agent of the insured).

### C.    DeGeorge has No Excuse for Late Notice

There may be circumstances, such as lack of knowledge that an accident occurred, or a good-faith belief of non-liability that may explain or excuse a delay in giving notice. *Security Mut. Ins.*, 31 N.Y.2d at 441. Also, the insured's belief must be reasonable under all circumstances. *Id.* Here, however, neither of the excuses is available for DeGeorge.

In determining the reasonableness of any delay, the insured's knowledge that the injured party was transported to the hospital is a significant factor. *Rosedale Gardens,* 743 N.Y.S.2d at 64 (1st Dep't 2002) (citing *Zadrima v. PSM Ins. Cos.*, 208 A.D.2d 529, 530, 616 N.Y.S.2d 817 (2d Dep't 1994), *lv. denied* 85 N.Y.2d 807, 650 N.E.2d 1326 (1995)).

In *Zadrima*, the court held that "no ordinary prudent person could have reasonably believed himself to be immune from potential civil liability" when he was aware that the injured party had been transported by ambulance to a hospital following an accident. 616 N.Y.S.2d at 530.

It is undisputed that DeGeorge took Holstein to the emergency room as a result of an accident that occurred on his boat. It is also undisputed that she remained at the hospital for six days. Under these circumstances, as a matter of law, DeGeorge could not have reasonably believed himself to be immune from potential civil liability.

6

## CONCLUSION

DeGeorge breached a condition precedent to coverage by violating a prompt notice provision in his marine insurance policy. There is no valid excuse for his seven months delay since DeGeorge had actual knowledge of the potentially serious injury and was concerned early-on about whether his policy was in effect. It was in effect but he elected not to provide notice of the claim.

In light of the foregoing, ACE is entitled to an Order granting summary judgment that it be relieved of liability under DeGeorge's marine insurance policy.

Dated: New York, New York
   October 1, 2007

By: _____
   James E. Mercante (JM 4231)
   RUBIN, FIORELLA & FRIEDMAN LLP
   Attorneys for Defendant
   ACE AMERICAN INSURANCE COMPANY
   292 Madison Avenue, 11th Floor
   New York, New York 10017
   212-953-2381

TO: Attn: Thomas Stock, Esq.
   STOCK & CARR, ESQS.
   *Attorneys for the Plaintiff*
   88 Second Street
   Mineola, New York 11501
   (516) 747-2478

7