UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x          Civil No.
MARK DeGEORGE,                                                     **07 cv 2761
                                                                   (RPP)**

                                            Plaintiff,

                  - against -                                      **NOTICE OF
                                                                   CROSS-MOTION**

ACE AMERICAN INSURANCE COMPANY,

                                            Defendant.
--------------------------------------------------------x

S I R S :

            PLEASE TAKE NOTICE, that upon the annexed affidavit of VICTOR

A. CARR, sworn to on October 22, 2007, the annexed exhibits, and upon all the

pleadings and proceedings heretofore had herein, the undersigned will cross-

move this Court before the Honorable Robert P. Patterson at the United States

District Court, Southern District of New York, 500 Pearl Street, New York, N.Y.

10007, on November 15, 2007, at 9:30 o'clock in the forenoon of that day or

as soon thereafter as counsel can be heard, for an order pursuant to FRCP

56(a), granting summary judgment to the plaintiff, precluding the defendant

insurer from denying and/or disclaiming coverage under its policy of insurance

and requiring the insurer to defend and indemnify the plaintiff for the personal

injury claims of Renee Holstein arising out of the incident of July 4, 2005, and

for such other, further and different relief as this Court may deem just and

proper.

            The above-entitled action seeks declaratory judgment.

DATED:    Mineola, New York
          October 22, 2007

                              **STOCK & CARR, ESQS.**

                              _____
                              by:  VICTOR A. CARR (VC 7542)

                              *Attorney(s) for Plaintiff(s)*
                              88 Second Street
                              Mineola, New York 11501
                              (516) 747-2478

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x          Civil No.
MARK DeGEORGE,                                                      **07 cv 2761
                                                                   (RPP)**

                                            Plaintiff,

          - against -                                              **L O C A L   R U L E
                                                                   56.1
                                                                   STATEMENT**

ACE AMERICAN INSURANCE COMPANY,

                                            Defendant.
--------------------------------------------------------x

          Plaintiff, MARK DeGEORGE, by his attorneys, STOCK & CARR,

ESQS., sets forth the following as and for his Local Rule 56.1 Statement:

          1.     Defendant, ACE AMERICAN INSURANCE COMPANY, issued a

Yachtsman Policy of insurance to the plaintiff effective June 23, 2005 to June

23, 2006.

          2.     Said policy was in full force and effect on July 5, 2005.

          3.     Said policy provided liability insurance coverage for a 1982

Sea Ray Express boat owned by the plaintiff.

          4.     Within one and one-half weeks subsequent to July 5, 2005,

the plaintiff notified a person and/or entity known as "Whitmore", who the

plaintiff described as his "broker", that a Renee Holstein had been injured

while in the vicinity of the said boat on July 4, 2005.

          5.     That the said policy of liability insurance provided coverage

for personal injuries sustained by a person aboard or in the vicinity of the said

boat.

6.      That on September 21, 2005, Renee Holstein, by her attorney, reported to the defendant insurance company by telephone that she sustained personal injuries on July 5, 2005 while aboard or in the vicinity of the said boat.

7.      That on December 5, 2005, Renee Holstein, by her attorney, reported to the defendant insurance company by correspondence that she sustained personal injuries on July 5, 2005 while aboard or in the vicinity of the said boat.

8.      That on May 24, 2006, the defendant insurance company, by way of a letter dated that date, notified the plaintiff that it was denying coverage for the July 4, 2005 incident.

9.      That the basis for the denial of coverage was the alleged failure of the plaintiff insured to notify the defendant insurance company of the incident for approximately 7 months.


DATED:      Mineola, New York
            October 22, 2007


                              **STOCK & CARR, ESQS.**


                              _____
                              by:  VICTOR A. CARR (VC 7542)

                              *Attorney(s) for Plaintiff(s)*
                              88 Second Street
                              Mineola, New York 11501
                              (516) 747-2478

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MARK DeGEORGE,

                            Plaintiff,

        - against -

ACE AMERICAN INSURANCE COMPANY,

                        Defendant.
--------------------------------------------------------x

Civil No.

**07 cv 2761 (RPP)**

---

**MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND
IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

---

Of Counsel:

Victor A. Carr (VC 7542)

**Stock & Carr, Esqs.**
Attorneys for Plaintiff
88 Second Street
Mineola, New York 11501
(516) 747-2478

# TABLE OF CONTENTS

AFFIDAVIT OF VICTOR A. CARR ............................................... 1

    PRELIMINARY STATEMENT ............................................... 2

    STATEMENT OF FACTS ............................................... 2


    PLAINTIFF'S CROSS-MOTION
    FOR SUMMARY JUDGMENT ............................................... 3

        FAILURE TO GIVE PROPER AND TIMELY
        NOTICE OF DISCLAIMER TO THE
        INSURED AND THE INJURED PERSON ...................... 3

        A.  NOTICE TO THE INJURED PARTY ...................... 4

        B.  TIMELINESS OF THE NOTICE
            OF DISCLAIMER ...................... 5

        DEFENDANT'S POSSIBLE EXCUSES
        FOR THE DELAY IN DISCLAIMING ...................... 9


    DEFENDANT'S MOTION
    FOR SUMMARY JUDGMENT ............................................... 14

        A.  NOTICE TO AN "AUTHORIZED AGENT"...................... 15

        B.  TIMELINESS OF THE NOTICE
            AS A MATTER OF LAW ...................... 16

        C.  JUSTIFICATION OR EXCUSE
            FOR LATE NOTICE ...................... 17

            LACK OF KNOWLEDGE OF
            AN "ACCIDENT" and "GOOD
            FAITH BELIEF IN NONLIABILITY" ...................... 17


    CONCLUSION ............................................... 25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x          Civil No.
MARK DeGEORGE,                                              **07 cv 2761 (RPP)**

                                    Plaintiff,

                                                           **AFFIDAVIT OF**
              - against -                                  **VICTOR A. CARR**

ACE AMERICAN INSURANCE COMPANY,

                                    Defendant.
------------------------------------------------x

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )


VICTOR A. CARR, being duly sworn, deposes and says:


1.      That I am a member of the firm of STOCK & CARR, ESQS.,
attorneys for the plaintiff in the above-entitled action and as such, I am
submitting the within affidavit and Memorandum of Law in opposition to the
motion of the defendant which seeks summary judgment relieving the
defendant insurance company from any liability under it's policy of marine
insurance.


2.      I am also submitting this affidavit in support of plaintiff's
cross-motion for summary judgment, submitted simultaneously herewith.


1

## PRELIMINARY STATEMENT

3.    This is a declaratory judgment action on a marine "Yachtsman" insurance policy issued by the defendant insurer to the plaintiff insured.  It is brought to determine whether the defendant insurer is obligated to defend and indemnify the plaintiff insured in an underlying personal injury action brought by a Renee Holstein, which arises out of an incident that occurred on July 4, 2005.

4.    It is submitted, on the uncontested facts presented, that the defendant insurer failed to properly and timely disclaim coverage as a matter of law and that, as such, the plaintiff insured is entitled to summary judgment granting his cross-motion.  As to the defendant's motion, it is submitted that the defendant has failed to eliminate all questions of fact and that, as such, the motion should be denied.

## STATEMENT OF FACTS

5.    The personal injury accident occurred on July 4, 2005.

6.    The plaintiff reported the accident to his broker "Whitmore", "about a week and a half after it happened."  (See EUO transcript, a complete copy of which is annexed hereto as Exhibit 1, page 48).

2

7.    On September 21, 2005, the defendant insurer received

notice of the accident by telephone from the attorney for the injured person (see Exhibit 3 annexed to defendant's motion).

8.    On December 5, 2005, the defendant insurer received written notice of the accident by mail from the attorney for the injured person (Ex. 3).

9.    The defendant insurer denied coverage by letter dated May 24, 2006 and sent to the plaintiff insured, on the grounds that the plaintiff insured did not report the accident to them as soon as possible after the occurrence (Ex. 3).

**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**FAILURE TO GIVE PROPER AND TIMELY NOTICE OF DISCLAIMER TO THE INSURED AND THE INJURED PERSON**

10.    It is submitted that the defendant insurer failed to give proper and timely notice of its disclaimer of coverage to the insured and the injured person and that, as such, it is precluded from denying or disclaiming coverage.

11.    Pursuant to New York State Insurance Law, § 3420(d), the defendant insurer was required to give written notice of a disclaimer or denial

3

of coverage "as soon as is reasonably possible ... to the insured and the

injured person ..." [1] .

12.    A failure by the insurer to give such proper and timely written notice of disclaimer **precludes the insurer from denying coverage or disclaiming liability**, _Hartford Ins. Co. v. County of Nassau,_ 46 N.Y.2d 1028, 416 N.Y.S.2d 539; _Liberty Mutual v. Lapicola,_ 184 A.D.2d 322, 584 N.Y.S.2d 834, **and the insurer will have to defend and indemnify the insured <u>even if the insured did not give timely notice of the claim</u>**. _See, First Fin. Ins. Co. v. Jetco Contracting Corp.,_ 1 N.Y.3d 64, 769 N.Y.S.2d 459, 801 N.E.2d 835, 837; see also, _Ward v. Corbally,_ 207 A.D.2d 342, 615 N.Y.S.2d 430, appeal denied, 84 N.Y.2d 812. (emphasis supplied).

## A.   NOTICE TO THE INJURED PARTY

13.    It is submitted, in the first instance, that the defendant insurer has failed to show that it gave written notice of the disclaimer to the injured party and that, as such, the disclaimer was improper and untimely.

4

14.    As stated, Insurance Law section 3420 requires the written notice of disclaimer to be sent to the insured "<u>and the injured person</u>".  A

---

[1]It is undisputed that New York law should be applied to the issues presented herein.  See defendant's Memorandum of Law, page 4.

failure to give notice to the injured person renders the notice improper and therefore untimely.  *See, Wright v. Wright, 35 A.D.2d 895, 315 N.Y.S.2d 710; Eveready Ins. Co. v. Dabach, 176 A.D.2d 879, 575 N.Y.S.2d 347.*

15.    In the defendant's motion, the only alleged notice of disclaimer produced is the letter annexed to the motion as Exhibit 3.  That letter is addressed only to the insured and there is no proof in this record that it was ever sent to the injured person.  As such, at the outset, that notice was improper and therefore untimely.

**B.   TIMELINESS OF THE NOTICE OF DISCLAIMER**

16.    The defendant insurer concedes in it's motion, and produces written documentation to show, that it received oral notice of the claim of the injured person from that person's attorney on September 21, 2005 and written notice on December 5, 2005 (see defendant's Exhibit 3).  The defendant insurer further concedes (in the Local Rule 56.1 Statement and as shown by Exhibit 3) that it did not disclaim coverage until May 24, 2006, when it mailed a letter to the plaintiff insured.

5

17.    It is submitted that this disclaimer, issued **245 days** after the defendant insurer received oral notice of the accident and **170 days** after the defendant insurer received written notice of the accident, was untimely as

a matter of law.

18.   The reasonableness of any delay in disclaiming must be judged from the time that the insurer was aware of sufficient facts to issue a disclaimer, *Allstate v. Gross, 27 N.Y.2d 263, 317 N.Y.S.2d 309*, measured from the moment the insurer first learns of the accident or of grounds for its disclaimer and not from the time when it chooses to disclaim *(see, Cohen v. Atlantic Nat. Ins. Co., 24 A.D.2d 896, 264 N.Y.S.2d 807; Royal Ind. Co. v. Kay, 48 Misc.2d 1086, 1088, 266 N.Y.S.2d 690, 693; Wallace v. Universal Ins., 227 N.Y.S.2d 999.*

19.   Where the basis of the disclaimer is a failure to give timely notice of an accident - as it is in this case, "an insurer is presumed to be aware of the untimeliness of notice as a ground for disclaimer of liability **upon first receiving such notice**".   See, *U.S. Underwriters Ins. Co. v. A & D Maja Const., Inc., 160 F.Supp.2d 565, 570 (S.D.N.Y.2001) (citing Firemen's Fund Ins. Co. of Newark v. Hopkins, 88 N.Y.2d 836, 644 N.Y.S.2d 481 (emphasis supplied).*

6

20.   In this case, the insurer, upon receipt of the telephone call from the injured person's attorney on September 21, 2005, was immediately aware of the extent of the delay by the insured in reporting the accident of

July 4, 2005.  Clearly, the insurer had sufficient facts, upon receipt of that September 21, 2005 telephone call, to disclaim based upon late notice.  It failed to do so.  Again, when the insurer received written notice of the accident from the injured person's attorney, on December 5, 2005, it clearly had sufficient facts to issue a disclaimer.  It again failed to do so and waited almost another six (6) months (170 days) before issuing its disclaimer letter on May 24, 2006.  It is submitted that these delays are untimely <u>as a matter of law</u>.

21.    **The New York State Court of Appeals has held that an insurer's unexcused delay in giving written notice of disclaimer - of as little as 48 days - is unreasonable as a matter of law**.  *See, <u>First Financial v. Jetco Contracting Corp.</u>, 1 N.Y.3d 64, 769 N.Y.S.2d 459; see also, <u>Hartford</u>, supra (a two-month delay is unreasonable as a matter of law); <u>Nationwide v. Steiner</u>, 199 A.D.2d 507, 605 N.Y.S.2d 391 (41 days); <u>Ward</u>, supra (2 months); <u>Bernstein v. Allstate</u>, 199 A.D.2d 358, 605 N.Y.S.2d 354 (4 months); <u>National Casualty v. Levittown Events</u>, 191 A.D.2d 543, 595 N.Y.S.2d 93 (2 months); <u>Allstate v. Gross</u>, supra (7 months).*

7

22.    In this case, the delay in disclaiming coverage **was in excess of eight (8) months** from when the insurer first received notice of the accident.  As such, pursuant to Insurance Law 3420(d) and the cases cited

herein, this Court should issue an order granting plaintiff's cross-motion for summary judgment, precluding the insurer from denying or disclaiming coverage and requiring the insurer to defend and indemnify the insured in the underlying personal injury case.

## DEFENDANT'S POSSIBLE EXCUSES
## FOR THE DELAY IN DISCLAIMING

23.    The defendant insurer may offer various excuses for its excessive delay in disclaiming coverage, none of which are sufficient to excuse that delay.

24.    In the first instance, it is well settled that an insurer who delays giving notice of disclaimer bears the burden of justifying the delay *(see, Hartford, supra; see also, Ward, supra.)*.  As stated by the New York State Court of Appeals, "One thing is clear, that it is the responsibility of the insurer to explain its delay".  *See, First Financial, supra.*

9

25.    The first excuse that the defendant insurer may offer is a claim that by mailing a "Reservation of Rights" letter on February 3, 2006, it satisfied it's obligation to disclaim in a timely manner.  That would be incorrect.

26.    A letter in which an insurer reserves its right to disclaim is not an effective disclaimer. *See, Hartford, supra; see also, Haslauer v. North Country, 237 A.D.2d 673, 654 N.Y.S.2d 447; Aetna v. Rosen, 205 A.D.2d 684. 613 N.Y.S.2d 664; State Farm v. Merrill, 192 A.D.2d 824, 596 N.Y.S.2d 554.* A "reservation of rights letter has no relevance to the question of whether the insurer has timely sent a notice of disclaimer of liability or denial of coverage" and is no substitute for the required notice of disclaimer. *See, U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 369 F.3d 102, 107 (2d Cir.2004); see also, All City Ins., 194 A.D.2d at 424, 599 N.Y.S.2d at 245; Norfolk & Dedham Mut. Fire Ins. Co. v. Petrizzi, 121 A.D.2d 276, 277, 503 N.Y.S.2d 51, 53.* **In any event, the "Reservation of Rights" letter itself was untimely in that it was not sent for 135 days after the defendant insurer received notice from the injured person's attorney.**

27.    The defendant insurer may also claim that it needed additional time in which to conduct an investigation, which in this case consisted

10

solely of conducting examination under oath ("EUO") that was held on March 21, 2006. It is submitted, however, that the conducting of an EUO in this case does not justify the excessive delay in disclaiming coverage, nor serve as a valid excuse for that delay.

28.    Where it is shown that the grounds for a disclaimer are not readily apparent, the cases have uniformly held that an insurer must be given reasonable time to adequately investigate a claim in order to determine whether it wishes to disclaim coverage.  However, the insurer still has an obligation to engage in a reasonably prompt, thorough, and diligent investigation of the claim."  *See, City Club Hotel, 369 F.3d at 107 (quoting U.S. Underwriters Ins. Co. v. Roka, LLC, No. 99-CIV-10136, 2000 WL 1473607, at 5 (S.D.N.Y.2000), and In re Prudential Prop. & Cas. Ins. Co., 213 A.D.2d 408, 408, 623 N.Y.S.2d 336.*

29.    On the other hand, where the basis of the disclaimer is readily apparent (such as where the disclaimer is for an alleged failure to give timely notice of an accident), any delay caused by the conducting of extra and unneeded investigation cannot be justified.  In such a situation, the insurer is "presumed to be aware of the untimeliness of notice as a ground for disclaimer of liability **upon first receiving such notice**".  *See, U.S. Underwriters Ins. Co.*

11

*v. A & D Maja Const., Inc., 160 F.Supp.2d 565, 570 (S.D.N.Y.2001) (citing Firemen's Fund Ins. Co. of Newark v. Hopkins, 88 N.Y.2d 836, 644 N.Y.S.2d 481 (emphasis supplied).*

30.    In all cases involving the reasonableness of a delay in issuing

a disclaimer, the court should "measure the reasonableness of the delay from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage." *See, U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, supra (quoting In re Arbitration Between Allcity Ins. Co. and Jimenez, 78 N.Y.2d 1054, 1056, 576 N.Y.S.2d 87.*

31.    In that the defendant insurer concedes that it received notice of the accident from the injured person's attorney on September 21, 2005, it was <u>at that moment, on September 21, 2005, not only presumed to be aware of the untimeliness of notice as a ground for disclaimer of liability, it was, in fact, immediately aware of the extent of the insured's delay in reporting the accident</u> (at that point in time, almost 3 months).

32.    As such, the excuse that additional time was needed to conduct some kind of investigation, including an EUO, so that the defendant insurer could disclaim, has no merit.

12

33.    Where it is shown that any added information that the insurer could have learned from further investigation did not affect the insurer's decision to deny coverage in the first place, any delay based on such extra investigation is unreasonable as a matter of law. *See, McAlpin v. RLI Ins. Co., 2007 WL 2544698, (W.D.N.Y.,2007); see also, Nova Cas. Co. v.*

*Charbonneau Roofing Inc.,* 185 A.D.2d 490, 585 N.Y.S.2d 876; *New York University v. First Financial Ins. Co.,* 322 F.3d 750, 755 (2d Cir.2003).


      34.   In *West 16th St. Tenants Corp. v. Pub. Serv. Mut. Ins. Co.,* 290 A.D.2d 278, 736 N.Y.S.2d 34, the court found that the insurer's 30-day delay was unreasonable as a matter of law because the insured's delay in reporting the accident "was obvious from the face of the notice of claim ... and the insurer had no need to conduct an investigation before determining whether to disclaim." *See also, 2833 Third Ave. Realty Associates v. Marcus, 12 A.D.3d 329, 784 N.Y.S.2d 863.* Delaying disclaimer for investigative purposes is unreasonable "where the basis for denying coverage was or should have been readily apparent before the onset of the delay." *First Financial,* 769 N.Y.S.2d 459, 801 N.E.2d at 839; *see also New York Univ.,* 322 F.3d at 756 *(stating that the investigation must be related to the insurer's purported reason for disclaiming).*

13

      35.   It is submitted that these excuses are insufficient, and unreasonable, as a matter of law, to justify a delay in issuing a disclaimer for a period of 245 days after the defendant insurer received notice of the injured person's claim.  As such, it is respectfully requested that plaintiff's cross-motion for summary judgment be granted, that the disclaimer be found to be invalid and untimely and that the defendant insurer be required to defend and indemnify the plaintiff insured for the incident of July 4, 2005.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

36.   Whether or not plaintiff's cross-motion is granted, it is respectfully submitted that defendant's motion for summary judgment must, nonetheless, be denied due to the existence of questions of fact on the following issues:

- did the plaintiff report the accident of July 4, 2005 to the defendant insurance company, <u>or its authorized agent</u>, as soon as possible after the occurrence of the accident ?

- assuming arguendo that the plaintiff did not report the accident as soon as possible, <u>was there justification that would excuse the late notice</u> ?

14

### A.  NOTICE TO AN "AUTHORIZED AGENT"

37.   In this case, the plaintiff testified that he reported this accident to a "broker" named "Whitmore" within a week and one-half after the happening of the accident (see EUO transcript, Exhibit 1, pg. 48).  While the plaintiff used the term "broker" in his testimony (which would normally connote an agent of the insured, rather than an "authorized agent" of the insurance company), that testimony, by a layman, clearly does not establish, on its own and as a matter of law, that "Whitmore" was, in fact, a "broker" and

not an "authorized agent".

38.    It is well settled that notice of an accident given to a "licensed agent" of the insurance company is deemed to be notice to the insurer.  See, Insurance Law, section 3420(a)(3).  Notice to a "broker", however, is ordinarily insufficient.  *See,  Serravillo v. Sterling Ins. Co., 261 A.D.2d 384, 689 N.Y.S.2d 521.*  As such, it is crucial to a determination of whether the insured gave notice to the insurance company that the exact status and designation of "Whitmore" be established with certainty.

39.    In the motion however, the defendant ignores the distinction and ignores its burden on the motion to establish that "Whitmore" was not its authorized agent.  Instead, the defendant fails to submit proof of any kind to

15

establish whether, in fact, "Whitmore" was indeed a "broker" or an "authorized agent" of the company[2].  It is submitted that this omission alone is sufficient to create a question of fact and require a denial of the defendant's motion.

### B.  TIMELINESS OF THE NOTICE AS A MATTER OF LAW

40.    In this case, the defendant concedes in this motion that the

---

[2]It is respectfully submitted that if "Whitmore" was an "authorized agent" (a fact that is neither proved, nor disproved on these papers), clearly notice to "Whitmore" less than two (2) weeks after the accident would be timely.

insurance company received notice of the July 4, 2005 accident from the injured person's attorney on September 21, 2005 (see Exhibit 3 annexed to defendant's motion). As such, and assuming that this is the first notice to the company of the happening of this accident, this Court is being asked to decide, on this record, whether a delay of 79 days was unreasonable <u>as a matter of law</u>.

41.    It is submitted that the issue of timeliness of notice is ordinarily a question of fact for a jury, <u>*AMRO Carting v. Nationwide*</u>, *170 A.D.2d 394, 566 N.Y.S.2d 282*, particularly where there may be mitigating factors or a reasonable excuse for the delay, <u>*Argentina v. Ostego*</u>, *86 N.Y.2d 748, 631 N.Y.S.2d 125*.

16

42.    It is respectfully submitted that, without further discovery, including depositions, this Court should not rule, at this time, that the 79 day delay was unreasonable as a matter of law, particularly in light of the mitigating factors set forth below.

## C.  JUSTIFICATION OR EXCUSE FOR LATE NOTICE

43.    It is well settled that late notice may be excused for good and reasonable cause. *See, <u>Vradenburg v. Prudential</u>, 212 A.D.2d 913, 622 N.Y.S.2d 623.*    When there is evidence of an excuse or mitigating circumstance, the question of the reasonableness of the insured's failure to

promptly notify will generally be one for a jury. *See, Argentina, supra.* It is submitted that, on the papers submitted by the defendant, questions of fact exist as to whether the late notice alleged was reasonable and should be excused.

## LACK OF KNOWLEDGE OF AN "ACCIDENT" and "GOOD FAITH BELIEF IN NONLIABILITY"

44.    A reading of the Yachtsman policy, annexed to defendant's motion as Exhibit 2, shows that the policy fails to define the words "accident" or "loss". As such, the meaning of those terms must be construed against the insurer, *State Farm v. Bush, 46 A.D.2d 958, 362 N.Y.S.2d 220*, and in accordance with the understanding of a reasonable person, *Miller v. Continental Ins. Co., 40 N.Y.2d 675, 389 N.Y.S.2d 565.*

17

45.    The question in each case is whether, under the facts and circumstances presented, the insured had sufficient information to persuade him as a reasonable person that there had been an "accident" and whether he, acting as a reasonable person, had knowledge of the happening of an "accident", or should, as a reasonable man, have understood that he might be liable for an "accident".

46.    In this case, as unlikely as it may sound, it is unclear whether an "accident" (being undefined), actually occurred. The record,

consisting solely of the testimony of the plaintiff, is certainly anything less than clear.

47.   The plaintiff testified that he was on a date with his girlfriend, Renee Holstein, aboard his boat, with a total of about 10 people (see EUO transcript, Exhibit 1, pages 19-21).   The insured's friend, Paul, was operating the boat and anchored it off Cove's Neck or Laurel Hollow (page 23). The people on the boat began eating food and people started jumping off the boat, swimming and laying on rafts (25).  Some people were using a jet ski or wave runner (26).  Of significance to this motion is the fact that the insured did not witness any "accident" involving Renee Holstein, nor did he have any knowledge of anything that may have happened to her until several hours later when someone told him that Renee "apparently hit herself coming off the boat" (27).

18

He didn't know that anything had happened until later that night (22).  The injured person never told him what happened (22) and no one he spoke to indicated that they saw any "accident" (27).   Even when the plaintiff asked Renee Holstein what happened, she herself **was unclear about what happened** (32).  **All she remembered was "diving off the boat and feeling some pain ... "** (33).

48.   It is submitted that this testimony does not establish that

any kind of an "accident" (however that term is defined) occurred on July 4, 2005, <u>only that Renee Holstein sustained some unexplained injury</u>.  Certainly, under those facts, as known to the insured and understood by him, it cannot be said as a matter of law that the insured had sufficient information to persuade him, as a reasonable person, that there had been an "accident".

49.    Nor can it be said, as a matter of law, that any reasonable person could be expected to envision any kind of liability arising against the insured for these unexplained injuries.

50.    In this regard, it has been repeatedly held that a good faith belief in nonliability will serve as justification for late notice so long as the

19

insured acted as a reasonable and prudent person assessing liability under the facts and circumstances facing him, *Argentina, supra; Vradenburg, supra*.  The issue is not whether the insured should have anticipated the possibility of a lawsuit, **but rather whether a reasonable person could envision liability**, *Rondale Building Corp. v. Nationwide, 1 A.D.3d 584, 769 N.Y.S.2d 46*.

51.    The plaintiff's good faith belief in nonliability is further confirmed by the circumstances occurring after Renee Holstein was injured.

52.    After Renee was injured, the insured dated her "many times" (43) in a girlfriend-boyfriend relationship (44).  They began dating, everything seemed fine (50) and during that time, he was told by her, in late July or early August 2005, that everything was fine.

53.    This insured simply had no idea that Renee would ever bring a claim against him and it was not unreasonable for him to believe that. Indeed,  it wasn't until sometime in January of 2006, when he found out that Renee had retained an attorney, that he first became aware that any claim against him had been contemplated, or was being made (44).   Prior to that, he knew nothing of any claims the injured person might allege against him (47)

20

and testified specifically that he first became aware that there was a claim against him "sometime towards the end of January", actually for the first time on February 1, 2006 (51).

54.    While it is true that the insured knew that Renee Holstein had been hurt on July 4, 2005, he had no knowledge of exactly how she was injured (neither did she) and certainly no reason to believe that there was even the potential for any sort of a liability claim against him.  To the contrary, it did not appear to him that there was any sort of a claim to be presented

(63).  Under the circumstances, he did not think that there was anything to report to his insurance company (48).

55.    It is respectfully submitted that, under these facts, it cannot be said, as a matter of law, that a reasonable person could, or should, have envisioned any potential liability for the happening of Renee Holstein's underlined injuries.  Nor can it be said, as a matter of law, that the insured plaintiff did not have a good faith belief in nonliability that justified any alleged late notice to the defendant insurance company.  At the very least, the issue of whether he acted as a reasonable and prudent person "assessing liability under the facts and circumstances facing him", is a question of fact that should not be decided on this motion as a matter of law.

21

56.    Again, the issue here is not whether the plaintiff should have anticipated the possibility of a lawsuit.  "If that issue was the focus of the inquiry, an insured's delay would rarely be excused. In today's litigious society, it seems that a lawsuit is reasonably foreseeable whenever an injury occurs, and property owners are routinely brought into civil actions even though their only connection with an injury is their misfortune of owning the property where the injury occurred."  *See, e.g., Jarvis v. Eastman, 202 A.D.2d 826; O'Britis v. Peninsula Golf Course, 143 A.D.2d 123; Gordon v. Harris, 86 A.D.2d 948.*  The proper focus of the inquiry in a case such as this is on the insured's good-faith belief in nonliability *(see, e.g., Briggs v. Nationwide Mut. Ins. Co., 176 A.D.2d*

*1113)*, not whether the insured should have anticipated the lawsuit. *Vradenburg, supra*.

57.    In the situation presented in this case, where the insured offers an excuse for late notice, the reasonableness of the excuse will be a question of fact for a jury, *G.L.G. Contracting v. Aetna, 215 A.D.2d 821, 626 N.Y.S.2d 307, see also, Winstead, supra*.   Compliance with the policy notice provision is measured by a fact-specific standard -- what is reasonable under all the circumstances, *Deso v. London & Lancashire, 3 N.Y.2d 127, 164 N.Y.S.2d 689*, and ordinarily, the reasonableness of an insured's belief of

22

nonliability is considered an issue of fact and not one of law, *Winstead v. Uniondale UFSD, 170 A.D.2d 500, 565 N.Y.S.2d 845; Mobile Home Estates v. Preferred Mut. Ins. Co., 105 A.D.2d 883, 482 N.Y.S.2d 355; Allstate Ins. Co. v. Moon, 89 A.D.2d 805, 453 N.Y.S.2d 467; Hartford Fire Ins. Co. v. Masternak, 55 A.D.2d 472, 390 N.Y.S.2d 949*.

58.    Indeed, it has been held that where the insured had a close personal relationship with the injured person (as the plaintiff did in this case) and an indication from the injured person that there was no intent to sue, such facts would provide a good faith belief of non-liability and a reasonable excuse for late notice.  *See, Merchants Mutual v. Hoffman,*   56 N.Y.2d 799, 452

N.Y.S.2d 398; see also, *D'Aloia v. Travelers*, 85 N.Y.2d 825, 623 N.Y.S.2d 837;

see also, *Zugnoni v. Travelers*, 179 A.D.2d 1033, 579 N.Y.S.2d 296.


     59.    In this case, the insured was unaware of the happening of an

"accident" at the time it happened.  He, to this day, still does not know how

the injured person became injured.  Nor could any reasonable person possibly

envision any liability, nor even the potential for a claim, against the insured

under the facts and circumstances known to him.  Furthermore, he had a

longstanding personal relationship with the injured person and no indication,

of


23

any kind, from her or anyone else, to even suggest that any claim was

contemplated or would be made.  He dated the injured person for months after

the accident, was never told by her that any claim was being made or

contemplated, in fact, she told him that everything was fine and that was the

way it appeared to him.  He had a personal relationship with her and had no

indication from her to even suggest that any claim would be made.


     60.    It is submitted that, under these facts, this Court should not

grant summary judgment as a matter of law.  *See, U.S. Underwriters Ins. Co.*

*v. Congregation B'Nai Israel*, 900 F.Supp. 641 (E.D.N.Y.1995) ("It is generally

only where the insured offers no excuse for the delay that a court may find, as

a matter of law, that the delay was unreasonable."), aff'd 101 F.3d 685 (2d Cir.1996).  Indeed, there are cases holding that, even where the insured was aware of the accident on the day that it occurred, if there was a personal relationship between him and the injured party and evidence that the injured party told the insured that she did not intend to sue plaintiff for damages, the issue of whether plaintiff reasonably believed that a claim would not be made is a question of fact for a jury to determine and thus summary judgment is inappropriate on this issue.  *See, e.g., Merchants Mutual, supra; see also, AMRO Carting Corp. v. Allcity Ins. Co., 170 A.D.2d 394, 566 N.Y.S.2d 282.*


24

61.    For these reasons, defendant's motion for summary judgment should be denied.  There is evidence in the record raising issues of fact as to (1) whether the insured gave timely notice of the accident to an "authorized agent" of the defendant; (2) whether a delay of 79 days, under the circumstances, was unreasonable as a matter of law; and as to (3) whether there was justification, i.e. a reasonable excuse, for the alleged late notice.


**CONCLUSION**

62.    For the reasons stated above, it is submitted that the defendant's motion for summary judgment should be denied and plaintiff's cross-motion for summary judgment granted.

**WHEREFORE**, it is respectfully requested that this court issue an order denying the defendant's motion in it's entirety, granting plaintiff's cross-motion in it's entirety, or for such other relief this Court feels is just and proper.

DATED:    Mineola, New York
          October    , 2007


_____
**VICTOR A. CARR** (VC 7542)


Sworn to before me this
        day of October, 2007

_____
Notary Public

                        25