UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK DeGEORGE

                    Plaintiff,

     -against-

ACE AMERICAN INSURANCE COMPANY,

                    Defendant.

**Civil No. 07 cv 2761 (RPP)**

---

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT ACE
AMERICAN INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND
IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

---

Of Counsel:

James E. Mercante (JM 4231)
Yoon S. Han (YH 7602)

**RUBIN, FIORELLA & FRIEDMAN LLP**
292 Madison Avenue, 11th Floor
New York, NY 10017
212-953-2381
Attorneys for Defendant
Ace American Insurance Company

# TABLE OF CONTENTS

Preliminary Statement................................................................................................1

POINT I

    Plaintiff Admits Each Material Fact in ACE's Local Rule 56.1 Statement.........................1

POINT II

    Insurance Law §3420 is Inapplicable.............................................................................2

POINT III

    No Reasonable Excuse for Late Notice........................................................................6

Conclusion..............................................................................................................10

## PRELIMINARY STATEMENT

Plaintiff has not raised a genuine issue of material fact in either its opposition to ACE's motion for summary judgment or its unfounded cross-motion for summary judgment. Accordingly, ACE is entitled to prevail as a matter of law for the following reasons:

1)     Plaintiff concedes that he failed to give written notice "as soon as possible" to ACE of the accident to a guest aboard his vessel. This breaches a condition precedent to coverage in the Policy.

2)     Plaintiff does not contest that the vessel is an *ocean-going vessel*. Therefore, the requirements set out in New York Insurance Law 3420(d) does not apply to this marine insurance dispute.

### POINT I

### PLAINTIFF ADMITS EACH MATERIAL FACT IN ACE'S LOCAL RULE 56.1 STATEMENT

Plaintiff has not responded to ACE's Local Rule 56.1 Statement. Accordingly, these statements "shall be admitted for purposes of the motion." *See* Robinson v. U.S., 2005 W.L. 747039 at *4 (S.D.N.Y. Mar. 31, 2005) ("[t]he purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing the district courts from the need to hunt through voluminous records without guidance from the parties").

Plaintiff admits, therefore, that he knew (i) that Holstein became injured "while diving" from his boat (ii) that he called only his broker "to report the accident, to ask what to do in case of a claim" and (iii) that he did not notify ACE of the incident for "approximately seven months". *See* Local Rule 56.1 Statements 5, 9 and 10. In any event, these same admissions are made by plaintiff

1

in his prior sworn testimony.  *See* Exhibit 1; EUO at 33, 48 and 62.

Plaintiff seeks to create the existence of a genuine issue with regard to plaintiff's knowledge of the *occurrence of any accident* solely by submission of an attorney's Affidavit.[1]  These "purely conclusory allegations" are insufficient to defeat a summary judgment motion."  *See* Cameron v. Cmty. Aid for Retarded Children, Inc., 335 F.Supp2d 60, 63 (2d Cir. 2003).[2]

The compelling and admissible evidence, such as plaintiff's testimony and the insurance policy, has not been challenged.

## POINT II

## INSURANCE LAW § 3420 IS INAPPLICABLE

Plaintiff concedes that he failed to notify ACE of the *July 4, 2005* "incident on his boat" (*see* Exhibit 1; EUO at 48) for approximately seven months despite the Policy requirement that "*You must report in writing to us . . . as soon as possible after the occurrence of any accident*".[3] In his cross-motion, plaintiff argues, in essence, that this undisputed breach of a condition precedent to coverage should be excused because ACE did not issue a denial until May 2006,

------

[1] A party opposing summary judgment can only create a genuine issue of fact by citing to competent admissible evidence.  Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F.Supp2d 569 (S.D.N.Y. 2004) (holding that attorney's affidavit is insufficient to create an issue of fact and it "does not do the trick").

[2] Plaintiff did not submit a legal brief for his cross-motion and opposition.  Instead, plaintiff's legal arguments are contained entirely within the counsel's affidavit.  Accordingly, the affidavit by plaintiff's counsel should be stricken *in toto*.  LaRouche v. Webster, 175 F.R.D. 452, 455(S.D.N.Y. 1996) (citing Fed. R. Civ. Proc. Rule 56(e), the court held that ultimate facts and legal conclusions appearing in summary judgment affidavit are extraneous material and should be disregarded).

[3] The Policy defines "You" to mean "the named insured as shown on the Declarations Page", i.e., Mark DeGeorge.

2

after having received plaintiff's sworn EUO transcript on or about April 26, 2006. *See* (Exhibit 1; Errata Sheet of EUO transcript). Plaintiff relies solely on the suggested application of New York State Insurance Law §3420 (d).

New York Insurance Law §3420 (d), however, does *not* apply to policies of *"insurance in connection with ocean-going vessels"*. N.Y. Ins. Law §3420(i) (the provisions of section 3420 do not apply to "the kinds of insurances set forth in [N.Y. Ins. § 2117 (b) (3)]"). *See* Jefferson Ins. Co. of New York v. Cassella, 261 F. Supp. 2d 160, 164, *on reargument*, 2003 WL 1876 (E.D.N.Y. Oct. 21, 2003); Progressive Northeastern Ins. Co. v. Am. Ins. Co., 2001 WL 959183 (S.D.N.Y. Aug. 21, 2001).[4] In Jefferson Insurance, the court held that whether a vessel is "*ocean-going vessel*" is made by reference to the "express geographic limits expressed in the Declarations portion of the Policy." Jefferson Insurance, 261 F. Supp.2d at 165.

DeGeorge's Policy contains an ***Atlantic Coast Navigation Warranty***. This Policy provision permits the insured to operate his vessel in ocean waters, specifically in "*Atlantic coastwise and inland tributary waters of the United States and Canada between St. John, New Brunswick and Morehead City, North Carolina.*" *See*, **Policy**: Atlantic Coast Navigation Warranty (emphasis added). (Exhibit 2; Affidavit of James E. Mercante). Here, the insured's vessel is an "*ocean-going vessel*". This is not disputed. Therefore, the notice provisions under

---

[4] The risks specified in N.Y. Ins. § 1113 (a) (21) include:

(21) **Marine protection and indemnity insurance** [defined in this provision as]: insurance against, or against legal liability of the insured for, loss, damage or expense arising out of, or incident to, the ownership, operation, chartering, maintenance, use, repair or construction of any vessel, craft or instrumentality in use in ocean or inland waterways, including liability of the insured for personal injury, illness or death or for loss of or damage to the property of another person.

New York Insurance Law §3420 (d) relied on by plaintiff do *not* apply. *See* <u>Jefferson Ins.</u>, 261 F.

Supp.2d at 165. *Cf.* <u>Gfroerer v. Ace American Insurance Company</u>, 2004 U.S. Dist. LEXIS

27450, 2005 AMC 404 (W.D.N.Y. 2005), *affirmed*, 2006 AMC 1816 (2d Cir. 2006); <u>Progressive</u>

<u>Northeastern v. American Ins. Co.</u>, 2001 U.S. Dist.LEXIS 12701(S.D.N.Y. 2001); <u>Hartford Fire</u>

<u>Ins. v Mitlof</u>, 123 F. Supp. 2d 762. (S.D.N.Y. 2000).

It is settled that where, as here, section 3420(d) does not apply, insurers do *not* waive

policy defenses by virtue of an alleged untimely disclaimer.[5] *See* <u>Transportation Ins. Co. v.</u>

<u>Cafaro</u>, 744 N.Y.S.2d 700 (2d Dep't 2002); <u>Brennan v. Liberty Mut. Fire Ins. Co.</u>, 612 N.Y.S.2d

237 (2d Dep't 1994). To the contrary, New York law has long recognized that giving notice of a

loss as required in an insurance policy is a "condition precedent" to the insurer's liability. Thus,

absent a valid excuse, the insured's failure to satisfy the notice requirement vitiates coverage.

<u>Security Mut. Ins. Co. of N.Y. v. Acker-Fitzsimmons Corp.</u>, 31 N.Y.2d 436 (1972). As such, the

cases relied upon by Plaintiff in his cross-motion, *all* of which were decided pursuant to section

3420 (d), are inapposite to the current dispute.[6]

### *Notice By Injured Party Does Not Cure Plaintiff's Breach*

Plaintiff appears to contend that because ACE received notice of the incident from the

injured party (Holstein) in September 2005, ACE was somehow required to make a coverage

---

[5] Likewise, when section 3420 (d) does not apply, New York law does not require an insurer to provide notice to the injured party. The foregoing notwithstanding, plaintiff's allegation that ACE did not notify Holstein, the injured party, is not accurate. ACE did provide written notice of denial to Holstein. (Exhibit 4; Notice of Declination Letter to Renee Holstein).

[6] *See e.g.* <u>First Fin. Ins. Co. v. Jetco Contracting Corp.</u>, 1 N.Y.3d 64, 769 N.Y.S.2d 459 (2003); <u>Liberty Mutual v. Lapicola</u>, 184 A.D.2d 322, 584 N.Y.S.2d 834 (1st Dep't 1992) (automobile liability insurance) <u>Hartford Ins. Co. v. County of Nassau</u>, 46 N.Y.2d 1028, 416 N.Y.2d 539 (1979) (automobile liability insurance);.

determination at that point. This is wrong.

First, DeGeorge's Policy terms clearly require that notice be given in writing by **"You"**,

ie., the **named insured**. (Exhibit 2; Yachtsman Policy). Plaintiff concedes, as he must, that <u>he</u>

failed to give ACE written notice "as soon as possible after the occurrence". The fact that ACE

may have obtained knowledge of a potential occurrence from other sources does *not* excuse

plaintiff's undisputed breach of this condition precedent to coverage. *See* <u>Heydt Contracting</u>

<u>Corp. v. American Home Assur. Co.</u>, 146 A.D.2d 497, 536 N.Y.S.2d 770 (1st Dep't 1989),

which held that:

> [I]t is entirely irrelevant whether defendant obtained immediate
> independent knowledge of the incident of June 25, 1986. The fact that the
> carrier may have learned about the fire on its own does not mean that it
> was aware of the attendant damage to plaintiff's property. Even more
> significantly, plaintiff does not cite any legal authority for the proposition
> that an insured may dispense with timely written notice if the insurer
> acquires independent knowledge of the underlying occurrence. Since
> plaintiff was required to comply with its contractual obligation to serve
> timely notice regardless of any actual knowledge by defendant, further
> discovery would serve no useful purpose. Consequently, defendant
> American Home Assurance Company is entitled to summary judgment
> dismissing the complaint as against it.

536 N.Y.S.2d at 773. Here too, the fact that ACE obtained independent knowledge of the

accident did not dispense with the requirement of "timely written notice" to ACE by the named

insured.

Further, plaintiff once again relies on cases governed by Insurance Law §3420(d) for his

argument that ACE had the obligation to timely disclaim beginning with the injured person's

notice. These cases do not apply.[7]

_____

[7] For example, plaintiff cites <u>U.S. Underwriters Ins. Co. v. City Club Hotel, LLC</u>, 369
F.3d 102 (2d Cir. 2004) for the proposition that an underwriter must deny within a reasonable

Accordingly, plaintiff's cross-motion, which is premised entirely on the inapplicable provisions of New York State Insurance Law §3420(d), must be denied.

## POINT III

### NO REASONABLE EXCUSE FOR LATE NOTICE

Plaintiff's argument that issues of fact exist concerning whether (i) he notified ACE's "authorized agent" or (ii) his failure to report the claim to ACE was justified is specious.

First, plaintiff did not deny, and therefore admits the statements of undisputed fact in ACE's Local Rule 56.1 Statement. Indeed, plaintiff relies entirely on an affidavit of counsel to create issues of fact. These "purely conclusory allegations" made by a party without first hand knowledge are insufficient to defeat a summary judgment motion. *Matsushida Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). *See* Fed R. Civ. P. 56(e); *Cameron v. Cmty. for Retarded Children, Inc.*, 335 F.3d 60, 63 (2d Cir. 2003); *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996) ("merely conclusory allegations, speculations or conjecture will not avail a party resisting summary judgment").

***Whitmore Group Not ACE's Agent***

ACE does not question plaintiff's testimony that he reported the incident to Whitmore Group, his insurance broker. However, plaintiff concedes that notice to a "broker", as opposed to

---

time beginning with the time it first learns of the grounds for denial. This case is distinguishable because it was decided under §3420(d) and, importantly, the first notice was given the insurer by an *additional insured*. Here, ACE was not notified by either an *insured* or an *additional insured*, but by the injured party. Similarly, U.S. Underwriters Ins. Co. v. A & D Maja Const. Inc., 160 F.Supp.2d 565 (S.D.N.Y. 2001) does not apply because the first notice to the insurer was from the *insured*.

notice to an "agent", is insufficient and does not equal notice to the insurer. (Carr Affidavit at ¶ 38; *see* Whitehall Realty Assoc., LLC v. Hermitage Ins. Co., 40 A.D.3d 719, 835 N.Y.S.2d 715, 721 (2d Dep't 2007) (insurance broker is the agent of the insured, not the insurer)). The Whitmore Group is an insurance brokerage firm and not an agent of ACE. (Exhibit 5; Printout from Website of The Whitmore Group). Moreover, it is clearly established in DeGeorge's EUO testimony that he was aware of Whitmore Group's status as his broker.[8] Accordingly, plaintiff's reporting the incident to his broker is not the notice to ACE mandated by the Policy.

### *No Genuine Issue Exists that Plaintiff's Notice Was Late*

Plaintiff's failure to provide notice to his insurer for over seven months is unreasonable as a matter of law. Varrichio v. Chicago Ins. Co., 2001 WL 1524475 (S.D.N.Y. 2001) (two months); Myers v. Cigna Property and Cas. Ins. Co., 953 F. Supp. 551 (S.D.N.Y. 1997) (two months); Pandora Indus., Inc. v. St. Paul Surplus Lines Ins. Co., 188 A.D.2d 277, 590 N.Y.S.2d 471, 471 (1992) (thirty-one days); Power Authority v. Westinghouse Electric Corp., 117 A.D.2d 336, 502 N.Y.S.2d 420 (1 st Dep't 1986) (fifty-three days); Republic New York Corp. v. American Home, 125 A.D.2d 247, 509 N.Y.S.2d 339 (1st Dep't 1986) (forty five days). The injured person's notice to ACE does not fulfill plaintiff's contractual obligation nor cure his undisputed breach of the terms and condition of his Policy. Plaintiff's unsubstantiated arguments to the contrary do not create a genuine issue of material fact.

### *No Genuine Issue Raised as to Failure to Provide Notice*

---

[8] DeGeorge testified that when he contacted his broker Whitmore Group, they "had suggested that [he] call ACE." (Exhibit 1; EUO at 52). He, therefore, knew from the beginning that he had to report the accident to ACE independently and that Whitmore was not an authorized agent of ACE.

Plaintiff argues that his failure to provide notice to ACE is somehow justified due to a question as to whether he understood whether an "accident" in fact occurred. Plaintiff relies solely on argument of counsel to support his "good faith belief in non-liability" and confusion as to the meaning of the word "accident". Argument of counsel is not admissible evidence sufficient to establish the existence of a genuine issue of material fact. To the contrary, these "purely conclusory allegations" are insufficient to defeat a summary judgment motion." *See* Cameron v. Cmty. Aid for Retarded Children, Inc., 335 F.3d 60, 63 (2d Cir. 2003).

Importantly, plaintiff's current position, i.e., that he did not understand the meaning of "accident" and therefore did not know of the need to provide notice to his marine insurer, is belied by the terms of the Policy and by plaintiff's sworn testimony. The Policy notice provision requires notice of an accident "that may be covered under this policy." The Policy provides coverage for sums an insured becomes "legally obligated to pay as a result of the *ownership*, operation or maintenance of" the insured vessel. (Exhibit 2; Policy-Part B: Liability Coverage - Perils Insured Against). Plaintiff concedes that Renee Holstein told him she was hurt "*diving off the boat and feeling some pain*" and that she may have "*hit the swim platform*" on the vessel, and that he immediately took her to the hospital where she remained for 6 days. (Exhibit 1; EUO at 31- 42).

It is settled law that an insured's obligation to give notice is triggered when "from the information available relative to the accident, an insured could glean a reasonable possibility of policy's involvement." C.C.R. Realty of Dutchess v. New York Cent. Mut. Fire Ins. Co., 1 AD3d 304, 766 N.Y.S.2d 856, 857 (2d Dep't 2003) (citing Paramount Ins. Co. v. Rosedale Gardens, 293 AD2d 235, 743 N.Y.S.2d 59 (1st Dep't 2002)). Plaintiff had sufficient information

8

to "glean a reasonable possibility of the Policy's involvement" and, indeed, conceded that as a result of the accident, he "called [his] broker" and "mentioned to her there was an incident on my boat, what should I do about filing a claim." (Exhibit 1; EUO at 48).  Plaintiff did not file a claim.

Plaintiff contends that his close relationship with the claimant should bar the summary judgment motion based on his reasonable belief for non-liability.  He relied on his relationship to assume that there would be no liability.  This cannot create a good faith belief in non-liability.

In Greater New York Mutual Insurance Company v. Farrauto, 158 A.D.2d 514, 551 N.Y.S.2d 277 (2d Dep't 1990), the insured had actual knowledge of an accident to his granddaughter on the date it occurred but did not notify the carrier of the occurrence until many months thereafter when suit was commenced.  In holding that the insured failed to comply with the condition of the Policy which required notice of the occurrence "*as soon as practicable*", as a matter of law, the Appellant Division, Second Department, ruled:

> In the instant case, the [insureds] at all times knew that their **granddaughter had been seriously injured** on a defective staircase.  In such circumstances, a reasonable and prudent insured would have concluded that there was a strong possibility that a liability claim would arise... (emphasis supplied).
551 N.Y.S.2d at 279

In Farrauto, even an inter-familial relationship was not sufficient to create a good-faith belief in non-liability when the insured had actual knowledge of an accident to his granddaugther.  Accordingly, DeGeorge cannot claim that he had a good faith belief in non-liability as a matter of law.

9

## CONCLUSION

DeGeorge breached a condition precedent to coverage by violating a prompt notice provision in his marine insurance policy. While he attempts to cure this breach with the application of Insurance Law §3420(d), it does not apply to this case.

There is no reasonable excuse for his seven months delay in reporting the accident to ACE since DeGeorge had actual knowledge of the potentially serious injury and was concerned early-on about whether his policy was in effect.

In light of the foregoing, ACE is entitled to prevail as a matter of law.

Dated: New York, New York
       November 21, 2007

By: _____
    James E. Mercante (JM 4231)
    Yoon S. Han (YH 7602)
    RUBIN, FIORELLA & FRIEDMAN LLP
    Attorneys for Defendant
    ACE AMERICAN INSURANCE COMPANY
    292 Madison Avenue, 11th Floor
    New York, New York 10017
    212-953-2381

TO:    Attn: Thomas Stock, Esq.
        STOCK & CARR, ESQS.
        *Attorneys for the Plaintiff*
        88 Second Street
        Mineola, New York 11501
        (516) 747-2478

10