```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK DeGEORGE,
                                                              Civil No.
                    Plaintiff,
                                                              07 cv 2761
                                                              (RPP)
         - against -

ACE AMERICAN INSURANCE COMPANY,

                    Defendant.
------------------------------------------------------------x
```

## MEMORANDUM OF LAW
## IN REPLY TO
## DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION
## FOR SUMMARY JUDGMENT AND
## DEFENDANT'S FURTHER SUPPORT OF IT'S MOTION
## FOR SUMMARY JUDGMENT

Of Counsel:

Victor A. Carr (VC 7542)

**Stock & Carr, Esqs.**
Attorneys for Plaintiff
88 Second Street
Mineola, New York 11501
(516) 747-2478

**TABLE OF CONTENTS**

ARGUMENT IN REPLY ................................................ 1

COMMON LAW PRINCIPLES OF WAIVER & ESTOPPEL ......................... 2

APPLICABILITY OF INSURANCE LAW §3420 ......................... 6

DEFENDANT'S OTHER CLAIMS

    NOTICE BY THE INJURED PARTY ......................................... 8

    NO REASONABLE EXCUSE FOR
    PLAINTIFF'S LATE NOTICE ......................................... 10

CONCLUSION ................................................................. 11

## ARGUMENT IN REPLY

1. **Noticeably and significantly absent from the defendant's submissions is any affidavit or sworn testimony from any representative of the insurance company attesting to any actions taken upon receipt of notice of the happening of the incident up to the time, 245 days later, that it disclaimed coverage.** The defendant, in opposing plaintiff's cross-motion for summary judgment, wholly fails to offer any evidence, in admissible form or otherwise, to explain or excuse it's failure to conduct any kind of investigation once it received notice of the incident, nor for it's 245 day delay in issuing a disclaimer.

2. The defendant, instead of presenting admissible evidence to oppose plaintiff's cross-motion, makes legal arguments on two points, namely (1) that it had no obligation to issue a timely written disclaimer of coverage because New York State Insurance Law §3420 does not apply to this case, and (2) that no questions of fact exist on the issue of whether there was justification or a reasonable excuse for plaintiff's alleged late notice of the claim.

3. It is submitted that these legal arguments are not only misplaced, but are insufficient to oppose plaintiff's cross-motion for summary judgment (or to support defendant's motion).

**1**

**COMMON LAW PRINCIPLES OF WAIVER & ESTOPPEL**

4.  The defendant asserts that §3420 does not apply to policies of insurance in connection with "ocean-going vessels" and that, as such, it had no obligation of any kind to disclaim in a proper and timely manner.  This is an incorrect statement.

5.  **Even assuming arguendo that §3420 does not apply, the <u>common law</u> principles of estoppel and waiver would apply nonetheless.**  Under the common law, an insurer, whatever the type of insurance, is obligated to disclaim properly, <u>United States Fidelity & Guaranty Co. v Assenza</u>, 52 AD2d 772, 382 NYS2d 789; <u>State Farm Mut. Auto. Ins. Co. v Elgot</u>, 48 AD2d 362, 369 NYS2d 719; <u>Ashland Window & Housecleaning Co. v Metropolitan Casualty Ins. Co. of N.Y.</u>, 269 AD 31, 53 NYS2d 677, and **if prejudice to the insured results from the insurer's delay, it will be estopped from disclaiming coverage**, <u>Appell v Liberty Mut. Ins. Co.</u>, 22 AD2d 906, 255 NYS2d 545, aff'd, 17 NY2d 519, 267 NYS2d 516, 214 NE2d 792; <u>Merchants Mut. Casualty Co. v Wildman</u>, 21 Misc2d 1073, 197 NYS2d 925, aff'd, 12 AD2d 664, 209 NYS2d 242, aff'd, 9 NY2d 985, 218 NYS2d 63, 176 NE2d 513; <u>Royal Indem. Co. v Kay</u>, 48 Misc2d 1086, 266 NYS2d 690; see

*Esseks, Hefter & Angel v Government Employees Ins. Co.*, 215 AD2d 430, 626 NYS2d 529. See also, *Topliffe v. U.S. Art Co., Inc.*, 40 A.D.3d 967, 838 N.Y.S.2d 571.

6.    Even where it is shown that Insurance Law § 3420(d) does not apply, the insurance company can still be equitably estopped from disclaiming coverage, and/or can be shown to have waived it's right to disclaim, where it's unexplained delay in disclaiming coverage is shown, *see*, *Adams v. Chicago Ins. Co.*, 49 Fed.Appx. 346, *349 -350 (C.A.2 (N.Y.),2002); *see also*, *Star Ins. Co. v. Hazardous Elimination Corp.*, 2007 WL 316569, *11 (E.D.N.Y.) (E.D.N.Y.,2007); *Sirignano v. Chicago Ins. Co.*, 192 F.Supp.2d 199, *206 -207 (S.D.N.Y.,2002). See also, N.Y. Pattern Jury Instructions, P.J.I. 4:79.

7.    The difference under the statute, as opposed to the common law, is that, under the statute, the insured need not show actual prejudice. "[u]nder the common-law rule, delay in giving notice of disclaimer of coverage, even if unreasonable, will not estop the insurer to disclaim **unless the insured has suffered prejudice from the delay**", see *Vecchiarelli v. Continental Ins. Co.*, 277 A.D.2d 992, *992, 716 N.Y.S.2d 524, **526, citing to *Fairmont*

3

Funding v. Utica Mut. Ins. Co., 264 A.D.2d 581, 581-582, 694 N.Y.S.2d 389; and Incorporated Vil. of Pleasantville v. Calvert Ins. Co., 204 A.D.2d 689, 690, 612 N.Y.S.2d 441 (emphasis supplied).  The plaintiff must show either that the insurer waived the ground for denying coverage or that plaintiff has been prejudiced by the insurer's delay in denying coverage on that basis, *Brown v State Farm Ins. Co., 237 AD2d 476, 655 NYS2d 104*.

8. These common law principles of waiver and estoppel apply **even where the insured did not give timely notice of the claim**.  *See, Albert J. Schiff Assocs., Inc. v. Flack, 51 N.Y.2d 692, 435 N.Y.S.2d 972; U.S. Liability Ins. Co. v. Winchester Fine Arts Services, Inc., 337 F.Supp.2d 435 (S.D. N.Y., 2004)*.

9. In this case, the defendant has essentially conceded that it did not disclaim for a period of **245 days** after it first received notice of the accident.  It is submitted that **such a delay, without any explanation, is unreasonable as a matter of law, whether decided under §3420 or under the common law principles of waiver and estoppel**.

4

10. Additionally, actual prejudice to the insured is present in this case in that, without any coverage, the plaintiff is left to not only incur the costs of his own defense in the underlying personal injury action, but also to the possibility of a judgment against his personal assets. Note that as to prejudice,

in *General Acc. Fire & Life Assur. Corp. v Blersch*, *46 Misc2d 480, 260 NYS2d 83, modified 25 AD2d 764, 269 NYS2d 325, aff'd, 18 NY2d 633, 272 NYS2d 779, 219 NE2d 293*, waiver of the right to disclaim was found and affirmed though no specific finding of prejudice was made, and in *Wright v Wright*, *35 AD2d 895, 315 NYS2d 710* and *Cohen v Atlantic Nat. Ins. Co., 24 AD2d 896, 264 NYS2d 807*, the insurer was held liable despite the insured's conceded failure to give reasonable notice because its disclaimer was unreasonably delayed, although prejudice was not discussed; *see also* *State Farm Mut. Auto. Ins. Co. v Cote*, *200 AD2d 622, 606 NYS2d 721*.

11. In the context of insurance coverage, waiver typically applies where there is evidence that demonstrates that an insurer intended to abandon the defense of the insured. *See, Flack, supra, 435 N.Y.S.2d 972, 417 N.E.2d at 87.*

**5**

12.   It is submitted that, even assuming §3420 does not apply to this case, the insurer's gross untimeliness in issuing a disclaimer is sufficient to preclude it from denying coverage as a matter of law.

## APPLICABILITY OF INSURANCE LAW §3420

13.   The defendant claims it is "undisputed" that the insured's vessel is an "ocean-going vessel" as mentioned in Insurance Law §2117(b)(3). This is a curious statement in that this issue has never been previously raised in this case. In any event, the status of the plaintiff's vessel as an "ocean-going vessel" **is** disputed.

14.   In the three District Court cases relied upon by the defendant, <u>Jefferson Ins. Co.</u>, <u>Progressive Northeastern</u> and <u>Hartford Fire Ins.</u>, *supra*, it is correctly noted that the New York Insurance Law does not define the term "ocean-going vessel". Those Courts, further noting the dearth of case law in this area, looked to the "Policy Territory" as defined in the relevant policies in order to resolve the issue, focusing on the express geographic limits contained in the Declarations portion of the policies.

15.   In this case, the express geographic limits expressed in the

defendant's "Atlantic Coast Navigation Warranty" are as follows:

> "Warranted **confined to Atlantic coastwise and inland tributary waters** of the United States and Canada ..." (emphasis supplied)

16. It is submitted that if the defendant in this case, in opposition to plaintiff's motion for summary judgment, is relying upon the terms of it's insurance policy to establish that a State statute does not apply, it has the burden to show that the relevant policy provision is not ambiguous, and to establish, clearly and as a matter of law, that it should not be bound by that State statute. The defendant has failed to do so on these papers.

17. Under New York law, the interpretation of an insurance policy generally presents a question of law. See *Hartford Accident & Indem. Co. v. Wesolowski*, 33 N.Y.2d 169, 172, 350 N.Y.S.2d 895, 305; see also *McGinniss v. Employers Reinsurance Corp.*, 648 F.Supp. 1263, 1266 (S.D.N.Y.1986). "In the interpretation process, an unambiguous provision must be given its plain and ordinary meaning", *State of New York v. Am. Mfrs. Mut. Ins. Co.*, 188 A.D.2d 152, 593 N.Y.S.2d 885, and an insurance policy must be "liberally construed in favor of the insured." *Stainless, Inc. v. Employers Fire Ins. Co.*, 69 A.D.2d 27, 418 N.Y.S.2d 76.

**7**

18. Giving this policy provision its plain and ordinary meaning

and construing it in favor of the insured, the phrase **"confined to Atlantic coastwise and inland tributary waters"**, indicates that the parties intended this vessel to be used solely along the "coast" and "inland tributary waters", and <u>not</u> as an "ocean-going vessel".  At the very least, the policy provision is ambiguous on the issue.

19.    The defendant has failed to establish as a matter of law that it should not be bound by the provisions of §3420.

## DEFENDANT'S OTHER CLAIMS
## NOTICE BY THE INJURED PARTY

20.    The defendant asserts (page 5 of his Memorandum) that since it received notice of the incident from the injured person and not the insured, it's unexplained gross delay in disclaiming coverage is excused.  It is clear that under §3420 and the common law, notice by the injured party is sufficient to put the insurer on notice of the claim.  *See <u>Russo vy Russo v. Rochford</u>, 123 Misc.2d 55, 472 N.Y.S.2d 954; see also, <u>Appell v. Liberty Mutual</u>, 22 A.D.2d 906, 255 N.Y.S.2d 545.*

**8**

21.    More importantly, it is clear that when the insurer received notice of the claim, whether by the insured or the injured person, it was

obligated to exercise diligence and good faith in investigating the claim, in confirming coverage and in determining whether any grounds for a disclaimer or denial of coverage existed.  See *Thrasher v. United States Liability Insurance Company,* 19 N.Y.2d 159, 278 N.Y.S.2d 793; *Wallace v. Universal Ins.,* 18 A.D.2d 121, 238 N.Y.S.2d 379, affd. 13 N.Y.2d 978, 244 N.Y.S.2d 779.  Here, the insurer's efforts were not only wholly inadequate, they were non-existent.  There is no record of any attempt by the insurer to ascertain the facts of the accident, to obtain their insured's version of the accident, to contact witnesses, to do any investigation whatsoever, nor to determine if a disclaimer or denial of coverage was warranted.

22.     The only evidence in this record concerning any actions taken by the insurer after it received notice of the claim is contained in the plaintiff's Examination Under Oath transcript (exhibit 1 annexed to plaintiff's cross-motion).  Plaintiff testified that **he was contacted for the first time by the insurer <u>58 days after the incident</u>, on February 1, 2006**, when the defendant's claims adjuster called him, saying that "she had just gotten handed a new claim assignment."(pages 51-52).   Beyond that, <u>there is nothing in this record to indicate what actions, if any, the insurer took after it received notice</u>.

23.     In opposition to plaintiff's motion for summary judgment, the

defendant fails to submit an affidavit from any representative of the insurance company and **there is no explanation of any kind as to why it took 58 days after the insurer received notice of the claim <u>to even contact the insured</u>, nor any explanation or excuse as to why it took an additional 112 days <u>after that</u> to issue a disclaimer.**  Under such circumstances, the attempted disclaimer is ineffective.  See, <u>Appell</u>, supra.

### NO REASONABLE EXCUSE FOR PLAINTIFF'S LATE NOTICE

24.    Defense counsel alleges, in a conclusory fashion, that "Whitmore" is a broker and not an agent of the defendant and provides a website print-out to support that claim.  However, counsel's conclusory statement and the website print-out do not establish Whitmore's status as a matter of law.  (Furthermore, the website print-out does not state whether Whitmore is an agent or broker, only speaking of "Whitmore Group's Claims Services Division" that is "prepared to assist clients with respect to questions involving all types of coverage ..." - this does not establish Whitmore as either an agent or broker).

10

25.    Defense counsel also argues that the facts presented by the plaintiff concerning the reasonableness of any delay in reporting the incident, or any justification for late notice, are insufficient to overcome what he

describes as plaintiff's "actual knowledge of the potentially serious injury". However, this argument does nothing to eliminate all questions of fact on these issues. To the contrary, this argument raises questions of fact that should not be decided on these motions for summary judgment.

## CONCLUSION

26. For the reasons stated above, it is submitted that the defendant's motion for summary judgment should be denied and plaintiff's cross-motion for summary judgment granted.

**WHEREFORE**, it is respectfully requested that this court issue an order denying the defendant's motion in it's entirety, granting plaintiff's cross-motion in it's entirety, or for such other relief this Court feels is just and proper.


DATED:   Mineola, New York
         November 27, 2007

                                               _____S/_____
                                               **VICTOR A. CARR** (VC 7542)

**11**